WILLIAM T. CLARK

*v.*

THE RAHWAY CEMETERY COMPANY et al.

[Decided July 10th, 1905.]

The object of a cemetery company, as declared in its certificate of incorporation, was to "maintain and use 'its property' for cemetery and burial purposes only." The bill of a lot owner in the cemetery alleged that its property was being uncared for; that its drives and roads were at times impassable for carriages and that it was without funds to pay its debts.—*Held*, that the company would be enjoined from making a gift of money to a church organization whose members or some of them were also members of the company.—*Held*, further, that although the lot owner was not a member of the company, he had a standing to complain of the misappropriation.

*Mr. Charles L. Corbin,* for the application.

*Mr. Corra N. Williams, contra.*

STEVENS, V. C.

This is an application to strike out a bill under rule 213. The application is equivalent to a demurrer, and every pertinent fact alleged must be taken as true.

The case is this: The complainant is a lot owner in the cemetery of the Rahway Cemetery Company, and as such seeks to enjoin the company from making a gift of $200 in cash to the First Presbyterian Church of Rahway. The allegation is that the company owes, for notes outstanding, $1,443.54; for unpaid bills, $50.63, and on mortgage, $700; that the notes will soon become due; that the company has in its treasury $247.31, and that it has not nor will it have sufficient funds to meet these obligations as they mature. It is also alleged that the care and maintenance of the cemetery has, for some time past, been neglected; that the principal drives and roads are in extremely

poor condition and at times impassable to carriages, and that the church has already received $600 from the cemetery company without consideration.

Two points are taken by the defendants—*first,* that complainant has no interest in the affairs of the cemetery; *second,* that the constituent members of the cemetery corporation are members of the church corporation, and that the proceeds of the lands may lawfully be appropriated to the church for its charitable uses.

The first point, viz., want of interest to complain, rests upon the premise that the cemetery company has given a deed conveying the fee-simple of the lot, the conclusion drawn being that complainant, having this separate interest, stands as a stranger to the company and its remaining lands, and is not in a position to complain of its acts. This contention will require an examination of the status of the company and of the terms of the conveyance, which are not those of the ordinary bargain and sale deed.

The cemetery is not incorporated under the act relating to rural cemetery associations, but under the act to incorporate associations not for pecuniary profit (*P. L. 1898 p. 422*), an act not very well adapted to the object in view. This act, in its first section, provides that "any five or more persons who shall desire to associate themselves *for any lawful purposes. other than for pecuniary profit*" may make and file a certificate pursuant to its provisions.

In its second section it provides that this certificate may contain provisions prescribing the qualification of officers and members, and any other provision for the regulation of the business of the association, and any limitation or regulation of the powers of the corporation not inconsistent with law. By section 3 the company is authorized to take and hold, by gift or purchase, real and personal property.

The certificate of the Rahway Cemetery Company declares that the object of the incorporation is to acquire by grant the property held by the First Presbyterian Church of Rahway, used by it for cemetery and burial purposes, and to maintain and use such property and any property it might thereafter acquire.

The business is to be conducted by a board of trustees, elected at the annual parish meeting of the church. These trustees are to be chosen from such persons as may be eligible as trustees of the church, and they are to be voted for, not by the lot owners, but by such persons as may be qualified to vote at parish meetings.

As under the act of 1898 the trustees are required to be elected by the *members* of the association, it would seem as if it had been intended that the members should be those persons only who are qualified to vote at the parish meetings of the church. Possibly this may have been the very reason why the association was not incorporated under the Rural Cemeteries act, for that act gives to the *lot owners* the privilege of electing the trustees (*Gen. Stat. p. 352*), and this the church may not have wished.

The situation would seem to be this: The trustees elected by the parish voters were, under the certificate of incorporation, a board entrusted with the duty, first, of acquiring the cemetery property from the church, and then, of maintaining and using it "for cemetery and burial purposes only." They were prohibited, by the act of 1898—the law of their being—from conducting the company's affairs "for pecuniary profit." Taking these two fundamental provisions together, it would seem inevitably to follow that, as the members could not make for *themselves* a profit out of the sales of lots or other revenue of the cemetery, neither could they make a gift of their revenue to another and independent corporation.

The allegation of the bill is that the trustees propose to make a gift of money to the church while without funds to pay even that which they owe and while permitting the cemetery drives and roads to go uncared for. This is such a manifest breach of duty that the only question is whether the complainant is in a position to complain.

Now, what is the object of this cemetery company? That is stated in its certificate:

"The object and purpose of the corporation is to maintain and use ('the property acquired from the church') and any property it may hereafter acquire  *  *  *  for cemetery and burial purposes only."

What are these purposes? Manifestly the decent care of the departed. The company itself is not only to *use* the property for burial purposes, but also to *maintain* it for those purposes. The by-laws make it the duty of the committee on grounds to examine the condition of the grounds, buildings and property, and to report what work and improvements are necessary to be done. There is to be a superintendent elected, who shall have control of the cemetery under the instructions of the president and trustees. He is not only to arrange for the sale of lots, but to collect charges for their care and for interments and for the use of the receiving tomb. All this indicates in the clearest possible way what, in fact, its name alone would imply, that the association is not a company for the sale of lots for pecuniary profit—a thing forbidden by the law of its incorporation—but for the proper care of the resting places of the dead. But who has so much interest in this as the lot owners? The question, then, would seem to be, is the lot owner debarred from asserting that interest by the terms of his deed? The deed conveys

"that certain plot of land in the cemetery of the said corporation * * * laid down and designated on the map of said cemetery as lot No. 408 of burial plots * * * bounded north by Linden circle drive, east by Holly drive, south by lot No. 409, west by Rose walk, to have and to hold * * * for the interment of the dead and for the only and sole purpose and use of a burial ground forever."

It is then provided that "the lots in said cemetery shall be indivisible" without the written consent of the board of managers, "nor shall any person sell the privilege of making interment to any other person whatever in any lot without the consent of the managers." And the conveyance is "subject to such rules and regulations as the trustees thereof have or may adopt respecting the said cemetery and its management." It will thus be perceived that the deed operates to restrict not merely the use of the lot sold, but of all the other lots remaining unsold. The remarks of Justice Blackburn, in *Queen v. Abney Park Cemetery Co., L. R. 8 Q. B. 519,* seem precisely applicable. "The real state of the case appears to be that the company has granted the legal estate upon certain trusts and the purchasers

have the use of the plots for the purpose of making graves, subject to the company's regulations. The effect is that the legal estate is outstanding, for it is vested in the purchaser; but, nevertheless, by the terms of the grant, the company are in occupation of the plots of ground which they have sold." *New York Bay Cemetery Co.* v. *Buckmaster, 49 N. J. Law (20 Vr.) 449.* It would seem plain that under the joint operation of the certificate of incorporation, of the by-laws and of the deed itself, the purchaser is not the isolated owner of a fee-simple absolute of a lot over which he has entire control as such, but a person who has acquired a limited interest in a plot which is part of one connected whole, that whole being conducted, maintained and managed by trustees for the benefit of himself and of those similarly situated. His interest is, in some degree, that of a beneficiary of a trust, and I cannot imagine why he should not have the right to complain if that is being violated to his prejudice. Here the direct tendency of the acts complained of is to imperil the lots remaining undisposed of; to depreciate the value of the cemetery lots as a whole; to prevent needed improvements, and to render access to complainant's lot more difficult. The allegation is that at times the drives and roads are impassable to carriages. In an analogous class of cases a much smaller interest is held to give a standing to complain. *Beecher* v. *Newark, 65 N. J. Law (36 Vr.) 309; Morris & Cummings Dredging Co.* v. *Jersey City, 64 N. J. Law (35 Vr.) 147, 588.*

I may add that I have examined the cases cited by counsel and such others as I could find. They lend but little assistance, as each was decided on a state of facts differing materially from the facts of this case. I may, however, say that the reasoning in *Close* v. *Glenwood Cemetery, 107 U. S. 466,* and *New York Bay Cemetery Co.* v. *Buckmaster, 49 N. J. Eq. (4 Dick.) 440,* goes to support the conclusion reached.

The other point made by counsel is substantially covered by what has been said. The proposition that, inasmuch as the members of the cemetery company are members of the church, the proceeds of the sale of lots may be appropriated to the church, is untenable. While the membership of each organization may be to some extent identical, the organizations them-

selves are in legal contemplation distinct. Their objects are different. Each must pursue its own object as it finds it in the instrument or charter to which it owes its being. The declared object of the cemetery company is "to maintain and use 'its property' for cemetery and burial purposes only."